ORIGINAL

1   Joseph R. Saveri (State Bar No. 130064)
    jsaveri@lchb.com
2   Eric B. Fastiff (State Bar No. 182260)
    efastiff@lchb.com
3   Brendan P. Glackin (State Bar No. 199643)
    bglackin@lchb.com
4   Sarah R. London (State Bar No. 267083)
    slondon@lchb.com
5   LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
    275 Battery Street, 29th Floor
6   San Francisco, CA 94111-3339
    Telephone: (415) 956-1000
7   Facsimile: (415) 956-1008

8   *Attorneys for Plaintiff*

FILED
2010 JAN -4 P 3: 34
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12  LIEFF, CABRASER, HEIMANN &           Case No. CV 10 0013
    BERNSTEIN, LLP,
13                                        **COMPLAINT FOR INJUNCTIVE RELIEF**
                  Plaintiff,
14                                        **(Violation of the Freedom of Information Act
        v.                                (5 U.S.C. § 552))**
15
    U.S. DEPARTMENT OF JUSTICE,
16  ANTITRUST DIVISION,

17                Defendant.

18

19          This is an action under the Freedom of Information Act, 5 U.S.C. § 552, for

20  injunctive and other appropriate relief and seeking the disclosure and release of agency records

21  improperly withheld from Plaintiff by Defendant Department of Justice ("DOJ").

22                        **JURISDICTION AND VENUE**

23          1.      This Court has both subject matter jurisdiction over this action and

24  personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has

25  jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this District under

26  5 U.S.C. § 552(a)(4)(B).

27

28

850363.1                                           COMPLAINT FOR INJUNCTIVE RELIEF
                                                                          CASE NO.

1  |  2.  Defendant DOJ is a department of the Executive Branch of the United

2  States Government and includes the Antitrust Division. The DOJ is an agency within the

3  meaning of 5 U.S.C. § 552(f).

4  |  3.  Plaintiff Lieff, Cabraser, Heimann & Bernstein, LLP is a private law firm.

5  |  **FACTUAL BACKGROUND RELATING TO THE REQUEST**

6  |  4.  An optical disc drive ("ODD") reads or writes data on compact discs,

7  DVDs, and Blu-ray discs. ODDs use a laser light or electromagnetic wave to read and burn

8  impressions on discs. ODDs are found in most computers and in everyday consumer products,

9  such as compact disc, DVD, and Blu-Ray disc players.

10  |  5.  The earliest ODDs, known as CD-ROM and DVD-ROM drives, can only

11  read data from discs. Later versions can read and write data on a disc permanently—these are

12  known as CD-R and DVD-R recorders. Newer drives such as CD-RW and DVD-RW drives can

13  read, write, and even "rewrite" data on the same disc. The latest drives can read, write, and

14  rewrite on all kinds of optical discs—these are known as "super multi-drives."

15  |  6.  Along with antitrust authorities in other countries, the DOJ commenced a

16  widely publicized investigation into anticompetitive practices, including price-fixing, bid-rigging,

17  and market allocation, in the ODD industry. Several manufacturers of ODD products disclosed

18  that they received subpoenas from the DOJ in connection with the DOJ's investigation.

19  |  7.  On October 23, 2009, Sony Corporation ("Sony"), in its Form 6-K filed

20  with the U.S. Securities and Exchange Commission ("SEC"), stated:

21  | Sony Corporation said today that its U.S. subsidiary, Sony Optiarc
America Inc., has received a subpoena from the U.S. Department of
22  | Justice ("DOJ") Antitrust Division seeking information about its
Optical Disk Drive business. Sony understands that the DOJ and
23  | agencies outside the United States are investigating competition in
Optical Disk Drives.
24  
25  |  8.  On October 27, 2009, Sony, Hitachi Ltd. ("Hitachi"), and Toshiba

26  Corporation ("Toshiba") all stated publicly that they received subpoenas regarding ODDs from

27  the DOJ and other countries' competition authorities.

28  

850363.1  | -2-  | COMPLAINT FOR INJUNCTIVE RELIEF
CASE NO.

1    9.    On October 27, 2009, a DOJ spokesperson confirmed that the antitrust

2    division is investigating possible violations of antitrust law in the ODD industry.

3    **PLAINTIFF'S FOIA REQUEST AND APPEAL**

4

5    10.    By letter dated October 27, 2009, Plaintiff submitted a Freedom of

     Information Act ("FOIA") request for: "all subpoenas, whether grand jury issued or other, served

6    on any Sony, Hitachi, Toshiba, LG, NEC, and Samsung corporate entity, including but not

7    limited to Sony Optiarc America Inc., Sony-NEC Optiarc Inc. of Japan, Lite-On IT Corp of

8    Taiwan, Hitachi-LG Data Storage, Inc., and Toshiba Samsung Storage Technology Corp.,

9    regarding optical disc drives."

10

11   11.    The request stated that the DOJ can and should segregate any documents

     responsive to the request that are protected from disclosure.

12

13   12.    By letter of November 4, 2009, Defendant DOJ responded to the request,

     gave Plaintiff's request control number ATFY10-010, and stated that it could "neither confirm

14   nor deny the existence of any records responsive to your request," but, to the extent that such

15   records did exist, denied Plaintiff's request, citing Federal Rule of Criminal Procedure 6(e), and

16   FOIA exemption Title 5 United States Code section 552(b)(3). Rule 6(e) prohibits grand jurors,

17   court reporters, government attorneys, and others from disclosing a matter occurring before a

18   grand jury, with exceptions. Section 552(b)(3) exempts from disclosure under FOIA records

19   specifically exempted from disclosure by statute.

20

21   13.    By letter dated November 23, 2009, Plaintiff timely appealed Defendant's

     denial of its FOIA request. Plaintiff demonstrated that Exemption 3 is inapplicable because the

22   DOJ's investigation and the subpoenas at issue are public knowledge. Plaintiff's appeal pointed

23   to the purpose of Rule 6(e), which is to: "(1) prevent the escape of prospective indictees,

24   (2) insure the grand jury of unfettered freedom in its deliberations, (3) impede the subornation of

25   perjury and tampering of witnesses by targets of the investigation, (4) encourage forthrightness in

26   witnesses without fear of retaliation, and (5) act as a shield for those who are exonerated by the

27   grand jury." *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1411 (9th Cir. 1993) (citing *Douglas Oil*

28

1   *Co. v. Petrol Stops Northwest*, 441 U.S. 211, 219, (1979)). Plaintiff's appeal demonstrated that

2   exempting from FOIA the subpoenas that Sony, Hitachi, and Toshiba publicly acknowledged

3   receiving in connection with an investigation that the DOJ publicly confirmed does not advance

4   the purpose of Rule 6(e).

5       14.     Plaintiff also demonstrated that Exemption 3 is inapplicable because the

6   subpoenas will not reveal a matter before a grand jury. Plaintiff's appeal pointed to "the

7   touchstone of Rule 6(e)'s applicability," which is "whether the disclosed materials would

8   elucidate the inner workings of the grand jury." Subpoenas, writs, and requests for production are

9   ordinarily issued without any action by, or even knowledge of, the grand jury itself. Plaintiff

10  demonstrated that Rule 6(e) and FOIA exemption (3) should not apply to those requests, as they

11  would not reveal "the inner workings of the grand jury."

12                  **DEFENDANT'S FAILURE TO RESPOND TO PLAINTIFF'S APPEAL**

13      15.     By letter dated December 1, 2009, Defendant notified Plaintiff of a

14  "substantial backlog" in the processing of FOIA appeals by the DOJ's Office of Information and

15  Privacy.

16      16.     On January 4, 2010, one of Plaintiff's attorneys, Sarah R. London,

17  telephoned the DOJ's Office of Information and Privacy to inquire about the status of Plaintiff's

18  appeal. The attorney assigned to Plaintiff's FOIA appeal told the Plaintiff's attorney that he had

19  not yet reviewed the appeal. He estimated that Plaintiff's appeal would not be adjudicated for

20  several weeks.

21      17.     As of the date of this Complaint, the DOJ has not provided the records

22  requested by Plaintiff, notwithstanding FOIA's requirement, pursuant to Title 5 United States

23  Code section 552(a)(6), of an agency response within twenty working days.

24      18.     Plaintiff has exhausted its applicable administrative remedies with respect

25  to its FOIA request to Defendant DOJ.

26      19.     Plaintiff is entitled to the records requested, and needs the requested

27  records to best serve its clients.

28      20.     DOJ has wrongfully withheld the requested records from Plaintiff.

850363.1                        - 4 -                    COMPLAINT FOR INJUNCTIVE RELIEF
                                                        CASE NO.

1

## FAILURE TO PROVIDE AN AFFIDAVIT OR *VAUGHN* INDEX

2      21.    Pursuant to *Fiduccia v. United States DOJ*, 185 F.3d 1035, 1043 (9th Cir.

3   1999), an agency must "provide enough information, presented with sufficient detail, clarity, and

4   verification, so that the requester can fairly determine what has not been produced and why, and

5   the court can decide whether the exemptions claimed justify the nondisclosure." A *Vaughn* index

6   or affidavit is necessary to meet this requirement.

7      22.    As of the date of this Complaint, the DOJ has not provided a *Vaughn* index

8   or affidavit that identifies which responsive documents have been withheld pursuant to claims of

9   exemption. A *Vaughn* index is a "a relatively detailed justification, specifically identifying the

10   reasons why a particular exemption is relevant and correlating those claims with the particular

11   part of a withheld document to which they apply." *Mead Data Central, Inc. v. United States*

12   *Dep't of the Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977).

13      23.    As of the date of this Complaint, the DOJ has not provided sufficient

14   information for the plaintiff to fairly determine what has not been produced. The DOJ has

15   provided no details or clarification regarding what documents have been withheld, aside from the

16   bare assertion that plaintiff's request is exempt under Rule 6(e) and Section 552(b)(3).

17      24.    The DOJ has violated the FOIA's requirements by failing to provide a

18   *Vaughn* index or affidavit.

19

## PRESIDENT OBAMA AND ATTORNEY GENERAL HOLDER'S MEMORANDA REGARDING FOIA

20      25.    On January 21, 2009, his first full day in office, President Obama issued a

21   memorandum to all heads of executive departments and agencies, including Defendant, on the

22   subject of FOIA.

23      26.    President Obama wrote about FOIA, "In our democracy, the [FOIA],

24   which encourages accountability through transparency, is the most prominent expression of a

25   profound national commitment to ensuring an open Government. At the heart of that

26   commitment is the idea that accountability is in the interest of the Government and the citizenry

27   alike." The memorandum then stated a "clear presumption" in favor of disclosure:

28

850363.1                                    - 5 -                 COMPLAINT FOR INJUNCTIVE RELIEF
                                                                                      CASE NO.

1    The Freedom of Information Act should be administered with a
     clear presumption: In the face of doubt, openness prevails. The
2    Government should not keep information confidential merely
     because public officials might be embarrassed by disclosure,
3    because errors and failures might be revealed, or because of
     speculative or abstract fears. Nondisclosure should never be based
4    on an effort to protect the personal interests of Government officials
     at the expense of those they are supposed to serve. In responding to
5    requests under the FOIA, executive branch agencies (agencies)
     should act promptly and in a spirit of cooperation, recognizing that
6    such agencies are servants of the public.

7    All agencies should adopt a presumption in favor of disclosure,
     in order to renew their commitment to the principles embodied
8    in FOIA, and to usher in a new era of open Government. The
     presumption of disclosure should be applied to all decisions
9    involving FOIA.

10        27.    On March 19, 2009, Attorney General Eric Holder issued comprehensive

11   new guidelines to the heads of executive departments and agencies governing the FOIA. These

12   guidelines reaffirm the government's commitment to accountability and transparency as directed

13   by President Obama in his Memorandum detailed above.

14        28.    The Attorney General's FOIA Guidelines "strongly encourage agencies to

15   make discretionary releases of records," and in the event that full disclosure of a record is not

16   possible, "agencies are directed to consider whether a partial disclosure can be made."

17        29.    The DOJ violated President Obama's and Attorney General Holder's

18   guidelines by failing to make even a partial disclosure in response to Plaintiff's request.

19

20

21

22

23

24

25

26

27

28

850363.1                                    - 6 -                    COMPLAINT FOR INJUNCTIVE RELIEF
                                                                                         CASE NO.

1

## REQUESTED RELIEF

2

WHEREFORE, Plaintiff requests that this Court:

3

A.    Order Defendant to disclose the requested records in their entireties and

4

make copies available to Plaintiff;

5

B.    Order Defendant to prepare an affidavit or *Vaughn* index of materials it

6

proposes to withhold and share such list with Plaintiff;

7

C.    Provide for expeditious proceedings in this action;

8

D.    Award Plaintiff its costs and reasonable attorney's fees incurred in this

9

action; and

10

E.    Grant such as other relief as the Court may deem just and proper.

11

Dated: January 4, 2010                     LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

12

13

By: _____

14

Eric B. Fastiff

15

Joseph R. Saveri
Brendan P. Glackin

16

Sarah R. London
275 Battery Street, 29th Floor

17

San Francisco, CA 94111-3339
Telephone: (415) 956-1000

18

Facsimile: (415) 956-1008

19

*Attorneys for Plaintiff*

20

21

22

23

24

25

26

27

28

850363.1                                   - 7 -                    COMPLAINT FOR INJUNCTIVE RELIEF
                                                                                     CASE NO.